**Nos. 23-13087 (lead) & 23-13269 (cross)**

# United States Court of Appeals
## *for the*
## Eleventh Circuit

———————————————————

Scoma Chiropractic, P.A.,
*Plaintiff/Appellant/Cross-Appellee,*

United States of America,
*Intervenor/Cross-Appellee,*

*v.*

National Spine and Pain Centers LLC *and*
Pain Management Consultants of Southwest Florida, P.L.,
*Defendants/Appellees/Cross-Appellants,*

Spine Center of Florida, LLC,
*Defendant.*

———————————————————

On appeal from a final judgment of the U.S. United States District Court
for the Middle District of Florida (Case No. 2:20-cv-430)

———————————————————

**DEFENDANTS' UNOPPOSED MOTION TO SUSPEND BRIEFING OF
THE MERITS PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

———————————————————

Matthew L. Knowles
  *McDermott Will & Emery LLP*
  *200 Clarendon Street, 58th Floor*
  *Boston, Massachusetts 02116*
  *(617) 535-4000*

Kamal H. Sleiman
  *McDermott Will & Emery LLP*
  *333 SE 2nd Avenue, Suite 4500*
  *Miami, FL 33131*
  *(305) 358-3500*

Michael B. Kimberly
  *McDermott Will & Emery LLP*
  *500 North Capitol Street NW*
  *Washington, DC 20001*
  *(202) 756-8000*

*Counsel for Defendants/Appellees/Cross-Appellants*

Nos. 23-13087 (lead) & 23-13269 (cross)
*Scoma Chiropractic, P.A. v. National Spine and Pain Centers LLC, et al.*

**CERTIFICATE OF INTERESTED PERSONS**

Following are all individuals and entities that may have an interest in the outcome of this appeal within the meaning of Circuit Rule 26.1-2(a):

- Abbuhl, Joshua C., counsel for the United States.

- Anderson & Wanca, counsel for plaintiff.

- Judge John L. Badalamenti, U.S. District Judge (M.D. Fla.).

- Boynton, Brian M., counsel for the United States.

- Good, Ross M., counsel for plaintiff.

- Kelly, Ryan M., counsel for plaintiff.

- Kimberly, Michael B., counsel for defendants.

- Knowles, Matthew L., counsel for defendants.

- Lum, Laurel H., counsel for the United States.

- McDermott, Will & Emery, LLP, counsel for defendants.

- Judge Nicholas P. Mizell, U.S. Magistrate Judge (M.D. Fla.).

- National Spine and Pain Centers LLC, (NSPC) defendant.

- NSPC Intermediate Corporation, sole member of NSPC.

- Pain Management Consultants of Southwest Florida, P.L., defendant.

- Powell, Lindsey, counsel for the United States.

- Rodd, Elizabeth A., counsel for defendants.

· Scoma Chiropractic, P.A., plaintiff/appellant/cross-appellee.

· Scoma, Louis, principal of Scoma Chiropractic, P.A.

· Sleiman, Kamal, counsel for defendants.

· Solberg, Wallace C., counsel for plaintiff

· Spine Center of Florida, LLC, defendant (dismissed).

· Stern, Mark B., counsel for the United States.

· Womack, Eric R., counsel for the United States.

· Wynosky, Kevin J., counsel for the United States.

October 16, 2023                    /s/ *Michael B. Kimberly*

C-2 of 2

## UNOPPOSED MOTION TO SUSPEND MERITS BRIEFING PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Defendants/Appellees/Cross-Appellants National Spine and Pain Centers LLC and Pain Management Consultants of Southwest Florida, P.L. (collectively, NSPC) hereby move under Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1 for an order holding the merits briefing in this appeal in abeyance pending the Court's disposition of NSPC's pending motion to dismiss the appeal. NSPC also requests oral argument on the motion to dismiss. Plaintiff/appellant/cross-appellee Scoma Chiropractic and inter-venor/cross-appellee the United States do not oppose a suspension of the briefing of the merits of the appeal.

### ARGUMENT

**1.** NSPC has filed a motion to dismiss Scoma's appeal for lack of appel-late jurisdiction. To summarize briefly:

Scoma prevailed below, procuring for itself a final judgment that grant-ed it all the substantive relief it requested. For its part, NSPC has accepted its loss and paid the judgment. The case is therefore over, and Scoma lacks standing to appeal. Scoma has filed a notice of appeal with this Court nonetheless seeking to challenge the district court's interlocutory order denying class certification. This, it cannot do. Not only does Scoma lack standing before this Court to challenge a final judgment that granted all that

Scoma asked for, but its claim for relief was mooted upon entry of the final judgment. Because Scoma is the only plaintiff here, the bid for class certification also was mooted. Moreover, a remand with instructions to grant class certification is foreclosed by the rule against one-way intervention, which bars post-judgment certification of a class and would make any determination by this Court of Scoma's appellate arguments purely advisory.

Consideration of these issues implicates more than 40 years of winding caselaw and an interplay among several related but distinct doctrines. NSPC respectfully submits that oral argument would assist the Court in its resolution of these purely legal issues.

**2.** The Court should resolve the motion to dismiss before taking merits briefing, the schedule for which should be suspended. Proceeding with the merits would be an unusually heavy lift for the parties and the Court. First, it would mean full merits briefing and argument on class certification itself, which involves a large factual record and disputed questions of statutory interpretation under the Telephone Consumer Protection Act (TCPA). *Cf. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) (recognizing that "litigating class status" is "often a complex litigation within itself," requiring "substantial judicial resources" to resolve); *see also* Dkt. 141, at 23-24 (in denying Scoma's motion to certify a class, describing the issues as "complex").

Second, proceeding to resolve the merits of Scoma's appeal would trigger review of NSPC's conditional cross-appeal, which raises separate issues concerning interpretation of other elements of the TCPA; a standing defense under *Spokeo v. Robins*, 578 U.S. 330 (2016); and NSPC's facial First Amendment challenge to the TCPA.

Activation of the First Amendment issue, by itself, counsels strongly in favor of a suspension of the merits briefing. It would pull into these proceedings the United States, which intervened below to defend the TCPA against NSPC's First Amendment challenge but otherwise has no role here. If the Court grants the motion to dismiss, doing so early—before the parties expend substantial resources briefing the merits—will thus "eas[e] the administrative burden on the . . . litigating arms of government," which is an important and "legitimate objective" in a federal appellate court's management of its docket. *Basardh v. Gates*, 545 F.3d 1068, 1071 (D.C. Cir. 2008).

Given the volume of meaty legal issues that will be raised by the parties in their appeal and cross-appeal, and given the intervention of the United States on the First Amendment issue, if the Court does not suspend the merits briefing, it will have to contend with five merits briefs totaling more than 70,000 words of argument, in addition to the motion-to-dismiss briefing. This would be an enormous—and needless—drain on the parties', the United States', and the Court's resources. The more efficient course would be to

3

dispose of the motion to dismiss, with oral argument, before—and (NSPC submits) rather than—taking full briefing on the extensive issues raised by the parties on the merits. Only if and after the Court determines it has jurisdiction to resolve this appeal should it order the parties to brief the merits. Again, neither Scoma nor the United States opposes that relief.

## CONCLUSION

The Court should hold the merits briefing in abeyance pending disposition, after oral argument, of NSPC's motion to dismiss.

Dated: October 17, 2023

Respectfully submitted,

/s/ *Michael B. Kimberly*

MICHAEL B. KIMBERLY
  *McDermott Will & Emery LLP*
  *500 North Capitol Sreet NW*
  *Washington, DC 20001*
  *(202) 756-8000*

MATTHEW L. KNOWLES
  *McDermott Will & Emery LLP*
  *200 Clarendon Street, 58th Floor*
  *Boston, Massachusetts 02116*
  *(617) 535-4000*

KAMAL H. SLEIMAN
  *McDermott Will & Emery LLP*
  *333 SE 2nd Avenue, Suite 4500*
  *Miami, FL 33131*
  *(305) 358-3500*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel for defendants certifies that this brief:

(i)  complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 762 words, including footnotes and excluding the parts of the brief exempted by Rule 32(f); and

(ii)  complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word and is set in Century Supra in 14 points.

October 17, 2023                    /s/ *Michael B. Kimberly*